FILED

AUG 07 2014

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| AUDIT SERVICES, INC., a Montana corporation, <br><br> Plaintiff, <br><br> vs. <br><br> NELCON, INC., a Montana corporation, and OHIO FARMERS INSURANCE COMPANY, <br><br> Defendants, <br><br> NELCON, INC., <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> AMERICAN CONTRACTORS TRUST, <br><br> Third-Party Defendant. | CV 13–92–BU–DWM <br><br> ORDER |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Audit Services, Inc. ("Audit Services") moves to dismiss Defendant Nelcon, Inc.'s ("Nelcon") counterclaim for failure to state a claim upon which relief can be granted. Nelcon asserts in its counterclaim that an employer may bring an action

against an employee benefit trust fund for restitution or offset in order to prevent unjust enrichment of the fund if the employer makes benefit payments to that fund under a mistake of law or fact. (Doc. 26 at 6-7.) Audit Services maintains that this is not a cognizable legal theory and Nelcon has thus failed to state a claim upon which relief can be granted. (Doc. 29 at 5-7.) For the reasons stated below, the Court grants Plaintiff's motion in part and denies in part.

I.  **Background**

This dispute arises from contributions Nelcon made on behalf of its employees to two employee benefit trust funds, the American Contractors Trust ("ACT Fund") and the Laborer and Operating Engineer Trust Funds ("LOE Funds"). Nelcon is an employer in the construction industry in Montana. (Doc. 23 at 5.) Audit Services is the assignee of the LOE Funds' claims against Nelcon for past due fringe benefit contributions. (*Id.*) In March and April 2011, Nelcon and two Montana labor unions executed Project Labor Agreements for a road construction project in Butte, Montana. (*Id.*) Plaintiff alleges that Nelcon underpaid the LOE Funds, in violation of the Project Labor Agreements. (Doc. 4 at 3.) Nelcon disagrees. According to Nelcon, the agreements required Nelcon to contribute to the ACT Fund for Nelcon's non-union employees. (Doc. 26 at 5-6.) Nelcon did so, (Doc. 26 at 6), but Plaintiff alleges that the payments Nelcon sent

to the ACT Fund actually should have gone to the LOE Funds and that Nelcon should now be required to submit any missing payments to the LOE Funds, (Doc. 2 at 3). Nelcon asserts in its counterclaim that it is entitled to offset any of the alleged underpayments to the LOE Funds with payments that were actually submitted to the LOE Funds or the ACT Fund. (Doc. 37 at 2.) Nelcon argues that if it were compelled to make additional payments to the LOE Funds, such payments would be a windfall to the Plaintiff and would not actually benefit the employees on whose behalf contributions were already made. (Doc. 37 at 3.) Nelcon raises two legal theories in its counterclaim and brief, although Nelcon often blurs the distinction: (1) restitution and offset under ERISA; and (2) unjust enrichment, offset, and restitution under state law. (Doc. 37 at 4-11.) Only the former is a cognizable claim.

## II. Standard

Federal Rule of Civil Procedure 8(a) simply requires a pleading that states a valid claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). On a party's motion to dismiss pursuant to Federal Rule 12(b)(6), a reviewing court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Commonly known as notice pleading, the standard for pleadings set by the Federal Rules dictates that, in order to be entitled to the presumption of truth, "a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice to enable the opposing party to defend effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). These rules apply equally to a counterclaim. *Hana Financial, Inc. v. Hana Bank*, 500 F. Supp. 2d 1228, 1232 (C.D. Cal. 2007).

### III. Analysis

The ACT and LOE Funds are "employee benefit funds" established under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq*. Section 1103(c)(1) says "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." But if a contribution "is made by an employer to a multiemployer plan by a mistake of fact or law . . . paragraph (1) shall not prohibit

the return of such contribution or payment to the employer within 6 months after the plan administrator determines that the contribution was made by such a mistake." 29 U.S.C. § 1103(c)(2)(A)(ii). When the Ninth Circuit reviewed this provision, it found that "[e]very court except one which has considered this provision has held that the party seeking relief had a right to restitution when the equities favor it." *Chase v. Trustees of W. Conf. of Teamsters Pen. Trust Fund*, 753 F.2d 744, 749 (9th Cir. 1985). Citing *Chase*, the First Circuit held "that the traditional equitable action for restitution is part and parcel of ERISA's federal common law. We therefore rule that federal courts may award restitution to employers in ERISA cases where principles of equity make such an award appropriate." *Kwatcher v. Mass. Service Employees Pen. Fund*, 879 F.2d 957, 966 (1st Cir. 1989). The Fifth Circuit went even further and addressed an employer's right to offset mistaken contributions: "we hold that there is a right to offset mistakenly overpaid contributions against a delinquency owed." *South Cent. United Food & Com. Workers Unions v. C & G Markets, Inc.*, 836 F.2d 221, 225 (5th Cir. 1988). But the Ninth Circuit cautions that "Congress intended to permit trustees to refund improperly paid contributions only where the conditions specified in section [1103](c)(2)(A) of ERISA are met." *Award Service, Inc. v. N. Cal. Retail Clerks Unions & Food Employers Joint Pen. Trust Fund*, 763 F.2d

1066, 1070 (9th Cir. 1985).

Plaintiff acknowledges that Nelcon may maintain a cause of action against a fund that received contributions by mistake. (Doc. 29 at 6.) Plaintiff argues that Nelcon has alleged that the ACT Fund received contributions by mistake but that Nelcon has not alleged that the LOE Funds received contributions by mistake. (*Id.*) According to Plaintiff, Nelcon's counterclaim against Audit Services (the owner and holder of all right, title, and interest in and to the LOE Funds' claims, (Doc. 2 at 3-4), does not satisfy the narrow exception outlined in § 1103(c)(2)(A)(ii) and should be dismissed for failure to state a claim. (Doc. 29 at 6-7). Nelcon counters that discovery is ongoing but further investigation may reveal that the LOE Funds did indeed receive mistaken contributions after the October 26, 2011 expiration date of the agreement or on behalf of misclassified employees.[1] (Doc. 37 at 5.) Further, Nelcon claims it is entitled to offset any

---

[1] While Nelcon did not allege in its counterclaim that the LOE Funds received mistaken contributions, Exhibit A attached to Plaintiff's complaint lists May 27, 2012 as the end date for Nelcon's required contributions to the funds. (Doc. 2 at 9.) This date conflicts with the October 26, 2011 date on the Project Labor Agreement, (Doc. 37–2), and it is upon this conflict that Nelcon bases its allegation that the LOE Funds may have received mistaken contributions. The Ninth Circuit has held "that a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). Nelcon's counterclaim necessarily relies on the Project Labor Agreement and the Agreement was attached to Nelcon's brief opposing Plaintiff's motion to dismiss. This Court may consider the Project Labor Agreement and the date discrepancy it presents when assessing the sufficiency of Nelcon's counterclaim.

sums it may owe the LOE Funds with contributions it mistakenly made to the ACT Fund. (Doc. 37 at 2.)

The standard for reviewing a party's motion to dismiss under Rule 12(b)(6) requires the Court to accept factual allegations in the pleading as true and construe the pleading in the light most favorable to the nonmoving party. *Knievel*, 393 F.3d at 1072. Accepting Nelcon's allegations as true, Nelcon has indeed stated a claim that may warrant relief. The Plaintiff's motion to dismiss Nelcon's ERISA restitution and offset claim is therefore denied.

In addition to its counterclaim for restitution under ERISA, Nelcon also haphazardly raised unjust enrichment, equitable offset, and restitution claims. (Doc. 26 at 7; Doc. 37 at 8-9.) These claims are creatures of state law. ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any [ERISA] employee benefit plan." 29 U.S.C. § 1144(a). The United States Supreme Court and the Ninth Circuit have repeatedly cited this provision in dismissing as preempted state law claims that relate to ERISA plans. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137 (1990) ("ERISA's broad pre-emption provision[,] 29 U.S.C. § 1140, . . . proscribes interference with rights protected by ERISA"); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) ("The policy choices reflected in the inclusion of certain remedies and the exclusion of others

under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA."); *Chase*, 753 F.2d at 746 ("ERISA preempts any state claim for the restitution of contributions made after January 1, 1975.") Nelcon's state law claims for unjust enrichment, equitable offset, and restitution are preempted. Even under the lenient notice pleading standard of Rules 8(a) and 12(b)(6), Nelcon has failed to state a claim upon which relief can be granted and, as it relates to these claims, Plaintiff's motion is granted.

## IV. Conclusion

In accordance with the foregoing, IT IS ORDERED that Plaintiff Audit Service's Motion to Dismiss, (Doc. 28), is GRANTED IN-PART and DENIED IN-PART. The Motion is GRANTED with respect to Defendant Nelcon's claims for unjust enrichment, equitable offset, and restitution and DENIED with respect to Defendant Nelcon's claim for restitution under 29 U.S.C. § 1103(c)(2)(A)(ii).

DATED this 7th day of August, 2014.

Donald W. Molloy, District Judge
United States District Court